United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FAYE VADEN, et al.,

Plaintiffs,

v.

LINN STAR TRANSFER, INC., et al.,

Defendants.

Case No. 19-cv-01846-HSG

**ORDER DENYING MOTION TO AMEND COMPLAINT AND DENYING MOTION TO ALTER SCHEDULING ORDER**

Re: Dkt. Nos. 37, 39, 40

Pending before the Court are several motions filed by Plaintiffs Faye Vaden and Alma Jackson related to the Court's scheduling order in this action: (1) a motion for leave to amend the complaint after the deadline, *see* Dkt. No. 37; (2) a motion to modify the case schedule, *see* Dkt. No. 40; and (3) a motion to expedite the hearing on both motions, *see* Dkt. No. 39. The Court held a case management conference on October 8, 2019, at which it heard argument on these motions and discussed the current case schedule. *See* Dkt. No. 44. The Court also permitted Plaintiffs to file a supplementary declaration in support of these motions. *See* Dkt. Nos. 46. 48. Having carefully considered the parties' arguments, the Court **DENIES** the motions.

## I. BACKGROUND

On March 5, 2019, Plaintiffs filed this action against Defendants Linn Star Transfer, Inc. and Haier US Appliance Solutions, Inc., alleging that Defendants' negligent manufacturing and installation of a gas dryer led to a gas leak in Plaintiffs' home. *See* Dkt. No. 1-1, Ex. A. Plaintiffs allege that the gas leak was caused by both a product defect and Linn Star's failure to properly tighten the dryer's gas line connector during installation. *Id* at 4. Defendants removed this action from state court on April 5, 2019, based on diversity jurisdiction. *See* Dkt. No. 1.

On July 16, 2019, the Court held an initial case management conference, at which it

discussed the anticipated schedule for this case. *See* Dkt. No. 24. Neither party objected to the proposed dates, and on July 17, 2019, the Court issued a scheduling order incorporating those dates. *See* Dkt. No. 25. In the order, the Court set September 14, 2019, as the deadline to amend the pleadings. *See id.* Two weeks after the deadline, on October 1, 2019, Plaintiffs filed a motion for leave to file an amended complaint to add three defendants: Home Depot, who sold the dryer and its "installation kit"; and individuals Dyshun Mitchell and Nicolaus Zapata from Jens Trucking LLC, who performed the installation. *See* Dkt. No. 37 at 6; Dkt. No. 46 at ¶¶ 3–4, 7–10. Two days later, on October 3, 2019, Plaintiffs filed a motion to modify the current scheduling order, and to expedite the hearing on these motions. *See* Dkt. Nos. 39, 40. In all three motions, Plaintiffs' counsel, Ms. Wendy H. Chau, explains that she was "focused on her other trial cases from July 20, 2019, to September 16, 2019"; was "busy," so relied on co-counsel; and therefore, missed the deadline in good faith. *See, e.g.*, Dkt. No. 37 at 3, 5. Ms. Chau further claims that she will be unable to meet the future deadlines set in this case based on obligations she has in other cases. *See, e.g.*, Dkt. No. 40-1 at ¶¶ 9, 11.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits the time to join other parties, amend the pleadings, complete discovery, and file motions. *See* Fed. R. Civ. P. 16(b)(4). Once in place, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" requirement of Rule 16 "primarily considers the diligence of the party seeking the amendment." *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (quotation omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion . . . [i]f [the] party was not diligent, the inquiry should end." *Id.*

## III. DISCUSSION

### A. Motion for Leave to Amend

Plaintiffs present little justification for failing to amend the complaint by the September 14



United States District Court
Northern District of California

deadline. Plaintiffs' counsel acknowledges that she simply "neglected to do so" as she was preoccupied with trial in another case, which ended on September 13. *See* Dkt. No. 37 at 5; Dkt. No. 37-1 at ¶¶ 2, 10–15. Ms. Chau also casts blame on her co-counsel, Mr. David S. Ratner, who she explains assisted with the case through mediation on September 16.[1] *Id.* As counsel of record in this action, however, Ms. Chau nevertheless has an independent responsibility to her clients. *Cf.* California Rule of Professional Responsibility 1.3 ("'[R]easonable diligence' shall mean that a lawyer acts with commitment and dedication to the interests of the client and does not neglect or disregard, or unduly delay a legal matter entrusted to the lawyer.").

Moreover, Plaintiffs acknowledge that they were on notice of the three parties that they now seek to add as defendants well in advance of the deadline to amend. *See* Dkt. No. 37-1 at ¶ 9. On July 8, 2019, Linn Star's initial disclosures identified both Dyshun Mitchell and Nicolaus Zapata as employees of Jens Trucking, LLC, who performed the dryer installation. *See* Dkt. No. 42 at 3. Defendants even noted in the joint case management conference statement, filed July 9, 2019, that Plaintiffs had not named the installers and installation company in the complaint. *Id.*; *see also* Dkt. No. 23 at 3, 5. Additionally, Defendants disclosed documents that identified The Home Depot, Inc. in the bill of lading, as part of their initial disclosures. *Id.* Plaintiffs' own initial disclosures listed the landlords as potential witnesses, and included a shipping order form with The Home Depot, Inc. as the recipient of both the gas dryer and a "gas dryer inst kit." *See* Dkt. No. 47-1, Ex. B at ¶ 5; Dkt. No. 47-2, Ex. C.

Plaintiffs do not refute this. Instead, Plaintiffs' counsel contends that she did not fully understand the significance of Home Depot and its role in this action until she spoke with Plaintiffs' landlord on September 23, 2019, and reviewed the documents he sent to her on September 24, 2019. *See* Dkt. No. 46 at ¶¶ 20–22, 26–27. What Plaintiffs' counsel fails to adequately explain is why she did not follow up with the landlord prior to the deadline to amend the complaint.

---

[1] Mr. Ratner has filed a motion to withdraw as counsel. *See* Dkt. No. 32. The motion remains pending, however, and the Court has issued an order to show cause why the motion should be granted in the absence of evidence that his clients have agreed to discharge him or that withdrawal is otherwise warranted. *See* Dkt. No. 43.

Ms. Chau's unsupported assertion that she had "had trouble getting a hold of the landlord" for two years—from 2017 to 2019—is neither credible nor consistent with a finding of diligence. *See id.* at ¶¶ 9, 28, 30. Indeed, this argument is belied by counsel's acknowledgement that she "did not think the landlord and Home Deport were much involved or liable" prior to September 2019, and that further discussions about the landlord ceased when Plaintiffs did not want to add him as a defendant to this action. *See id.* at ¶¶ 7, 10. Plaintiffs' counsel should not have waited until after the deadline to amend to investigate the landlord and Home Depot's possible involvement in this action. The Court is similarly unpersuaded by Plaintiffs' assertion that the parties were focused on mediation rather than further litigating this action. *See id.* ¶¶ 15–19. As the Ninth Circuit has cautioned, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. In short, Plaintiffs have failed to establish that good cause exists to grant leave to amend the complaint at this late date.

**B. Motion to Modify Scheduling Order**

Plaintiffs also seek to stay the case or modify the scheduling order. *See* Dkt. No. 40. As an initial matter, Plaintiffs do not propose any alternative dates or modifications. *See id.* Instead, they appear to request that the Court simply vacate all current deadlines. *See id.* Nor do they explain with any specificity why a modification is warranted in this case. As with Plaintiffs' motion to amend the complaint, Plaintiffs' counsel merely indicates that she is overextended with trial preparation in other cases. *See id.* at 3; *see also* Dkt. No. 40-1 at ¶¶ 3–4, 9, 11. The Court does not find that this rises to the level of "good cause" necessary to modify the scheduling order. Indeed, Plaintiffs still have two months until the close of discovery, and trial does not begin until June 29, 2020. There is ample time remaining to litigate this case under the current schedule.

//

//

//

//

//

//

## IV. CONCLUSION

Accordingly, the Court **DENIES** the motion to amend the complaint; **DENIES** the motion to modify the case schedule; and **DENIES AS MOOT** the motion to expedite the hearing on these motions. The Court further reminds Plaintiffs' counsel that she is responsible for familiarizing herself and complying with the Federal Rules of Civil Procedure, as well as the Court's orders, for the duration of this litigation.

**IT IS SO ORDERED.**

Dated: 10/16/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California