UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAYE VADEN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>LINN STAR TRANSFER, INC., et al.,<br><br>　　　　Defendants. | Case No. 19-cv-01846-HSG<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 54 |

Pending before the Court is an omnibus administrative motion, in which Plaintiffs Faye Vaden and Alma Jackson ask the Court to (1) appoint a guardian ad litem for Plaintiff Jackson; and (2) seal Plaintiff Jackson's health and financial records, which were attached in support of the motion. *See* Dkt. No. 54. The Court granted the motion in part on December 4, 2019, appointing Plaintiff Vaden as guardian ad litem for Plaintiff Jackson. *See* Dkt. No. 57. For the reasons detailed below, the Court further **GRANTS** the motion to seal.

## I.　LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the

public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are . . . entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions, however, are not subject to the same strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (quotation omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

Because Plaintiffs' motion to appoint a guardian ad litem is a nondispositive motion, the Court applies the lower "good cause" standard to Plaintiffs' request to file certain exhibits attached

to that motion under seal.

## II. ANALYSIS

The Court finds that good cause exists to seal Dkt. Nos. 54-3, Exs. 1 & 2; 54-5; and 54-6, as they consist of highly sensitive and otherwise confidential medical and banking records, as well as references to these records. And the Court finds that the public's interest in disclosure of this information is low as these records are not the subject of the lawsuit. *See San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. 10–cv–02258–SBA, 2011 WL 89931, at *1, n.1 (N.D. Cal. Jan. 10, 2011) (finding that confidentiality of medical records under the Health Insurance Portability and Accountability Act of 1996 outweighed presumption in favor of public access to court records). Rather, they were attached to explain Plaintiff Jackson's need for a guardian ad litem to pursue this action.

Although Plaintiffs' counsel proposed redactions to Plaintiff Jackson's medical and financial records at Dkt. Nos. 54-3, Exs. 1 & 2, the Court finds that good cause exists to seal these records in their entirety. *See id.* Even in redacted form, the documents reveal sensitive information to which the public has no need to review as part of this action. The Court cautions Plaintiffs' counsel to act with care in the future before filing her clients' medical information on the public docket. Accordingly, the Court **GRANTS** the motion to seal as to Dkt. Nos. 54-3; 54-5; and 54-6 in their entirety. Plaintiffs' counsel shall file a fully redacted version of Dkt. No. 54-3, the "Petition of Faye Vaden for Order Appointing Her the Legal Guardian Ad Litem of Alma Jackson," without the now-sealed Exhibits 1 and 2, by December 13, 2019.

**IT IS SO ORDERED.**

Dated: 12/5/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

3